UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN MARK ABELA,

      Petitioner,

v.                                  Case No. 99-CV-72095-DT

WILLIAM MARTIN,

      Respondent.
                                   /

**OPINION AND ORDER GRANTING PETITIONER'S "MOTION TO ISSUE JUDGMENT PURSUANT TO COURT OF APPEALS RULING"**
**AND**
**VACATING PETITIONER'S CONVICTIONS**

Pending before the court is Petitioner Kevin Mark Abela's "Motion to Issue Judgment Pursuant to Court of Appeals Ruling." For the reasons set forth below, the court will grant Petitioner's motion and vacate his convictions.

**I. BACKGROUND**

In 1991, Abela was convicted of voluntary manslaughter and carrying a concealed weapon. He was sentenced to seven to fifteen years imprisonment for the voluntary manslaughter conviction and 40 months to five years, to be served concurrently, for the concealed weapon charge. (Resp't's Resp. at ¶ 1; Pet'r's Reply at Ex. 1.) Because the sentences were concurrent, Abela did not serve any additional time for the concealed weapon conviction, and he was discharged from parole on March 16, 2000. (Resp't's Resp. at 1; Pet'r's Reply at Ex. 2.)

Abela first filed a petition for a writ of habeas corpus on April 26, 1999 challenging both convictions, which was denied by this court. (Pet'r's Mot. at ¶ 1;

Resp't's Resp. at 1.)  In its August 27, 2004 decision, however, the Sixth Circuit remanded the case to the district court with instructions to grant Petitioner's habeas corpus relief if the state did not retry Abela before 90 days had passed from the date of the court's decision.  *Abela v. Martin*, 380 F.3d 915, 931 (6th Cir. 2004).  The 90 days passed and Petitioner now seeks a district court ruling vacating his convictions pursuant to the Court of Appeals decision.

## II.  DISCUSSION

A federal court has jurisdiction over a habeas corpus petition pursuant to 28 U.S.C. § 2254(a) when a person is "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The Supreme Court has held that:

[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).  In *Maleng v. Cook*, 490 U.S. 488 (1989), the Court further clarified the "in custody" requirement:

We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.  Indeed, our decision in *Carafas v. LaVallee*, [391 U.S. 234 (1968)], strongly implies the contrary.  In *Carafas*, the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court.  The State argued that the unconditional discharge rendered

> the case moot.  We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction--his inability to vote, engage in certain businesses, hold public office, or serve as a juror--prevented the case from being moot.  [*Id.* at 237-238.]  While we ultimately found that requirement satisfied as well, we rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed.  *Ibid*.  The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

*Maleng,* 490 U.S at 491-492.

A discharged defendant must be able to demonstrate "some concrete and continuing injury other than the now-ended incarceration (or parole)."  *Spencer v. Kemna*, 523 U.S. 1, *7 (1998) (finding the petition moot because the defendant was not suffering continuing collateral consequences due to the revocation of his parole.)  In explaining the principle of collateral consequences, the *Spencer* Court stated that "subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed."  *Id*. at * 8.

Petitioner argues that because he was on parole for both offenses at the time he filed his request for a writ of habeas corpus**,** the "in custody" requirement of 28 U.S.C. 2254(a) was met.  (Pet'r's Mot at ¶ 1.)  The court agrees.  Abela filed his initial habeas corpus motion on April 26, 1999.  (Resp't's Resp. at 1.)  The record shows that he was on parole for both voluntary manslaughter and the concealed weapon charge until March 2000.  (Pet'r's Reply at Ex. 2.)  Respondent contends that although Abela has successfully argued his habeas corpus petition for the voluntary manslaughter charge, he had been "discharged" from the concealed weapon charge on October 22, 1995,

3

when that sentence ended, and therefore he was not "in custody" for that charge when he filed the habeas corpus petition. (Resp't's Resp. at 1.) However, Abela offers evidence to support his claim that he was in custody on parole at the time he filed his petition according to the Michigan Department of Corrections, which lists him as on parole for manslaughter *and* carrying a concealed weapon from March 16, 1998 to March 16, 2000. (Pet'r's Reply at Ex. 2.) The Sixth Circuit also already ruled that Abela was "in custody" for purposes of federal court jurisdiction over the habeas corpus proceedings "at the time he filed the petition with the district court on April 26, 1999." *Abela*, 380 F.3d at 921.

If a defendant filed the petition while "in custody," the petition is not moot upon release from custody where the defendant can demonstrate collateral consequences of the conviction. *Carafas*, 391 U.S. at 238. In *Carafas*, the Supreme Court stated that a defendant's motion for habeas corpus, which was filed while the defendant was in custody, was not moot after he was freed from custody because of the collateral consequences he would suffer from the conviction, such as inability to vote in elections and serving as a juror. *Id*. Abela argues that if he were to "seek a professional license . . . or try to serve on a jury or try to vote in those states that bar ex felons from voting . . . his two 'convictions' from this case would bar him or hinder him from accomplishing his goals." (Pet'r's Mot. at ¶ 2.) These consequences are similar to those accepted by the Supreme Court in *Carafas*. Abela's petition is not moot.

Petitioner has successfully demonstrated that he qualifies as a person over whom the federal courts have jurisdiction for purposes of habeas corpus motions, and his motion for a ruling consistent with the Circuit Court ruling will be granted.

## III.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Issue Judgment pursuant to Court of Appeals Ruling" [Dkt. #65] is GRANTED.  Petitioner's convictions for voluntary manslaughter and carrying a concealed weapon are VACATED.


    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 20, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 20, 2005, by electronic and/or ordinary mail.

    s/Lisa G. Teets  
Case Manager and Deputy Clerk  
(313) 234-5522