UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN MARK ABELA,

        Petitioner,        Case Number: 99-CV-72095

v.

WILLIAM MARTIN, Director, Michigan
Department of Corrections,

        Respondent.
                                                      /

**ORDER DENYING RESPONDENT'S "MOTION FOR RECONSIDERATION
AND FOR IMMEDIATE CONSIDERATION"**

Pending before the court is Respondent's "Motion for Reconsideration and for Immediate Consideration," seeking reconsideration of the court's July 20, 2005 "Opinion and Order Granting Petitioner's 'Motion to Issue Judgment Pursuant to Court of Appeals Ruling' and Vacating Petitioner's Convictions." For the reasons set forth below, the court will deny Respondent's motion.

**I. BACKGROUND**

In 1991, Petitioner was convicted of voluntary manslaughter and carrying a concealed weapon. He was sentenced to seven to fifteen years imprisonment for the voluntary manslaughter conviction and forty months to five years for the concealed weapon charge. The sentences were to be concurrently served.

Petitioner filed a petition for a writ of habeas corpus, challenging both convictions, on April 26, 1999. This court denied the petition. The Court of Appeals for the Sixth Circuit reversed this court's judgment, and remanded the case to this court

"with instructions to grant the writ of habeas corpus, unless the state elects to retry Abela within ninety days of the date of this opinion's entry." *Abela v. Martin*, 380 F.3d 915, 931 (6th Cir. 2004).

On remand, after the state failed to retry Petitioner within ninety days, Petitioner filed a "Motion to Issue Judgment Pursuant to Court of Appeals Ruling." The court issued an "Opinion and Order Granting Petitioner's 'Motion to Issue Judgment Pursuant to Court of Appeals Ruling' and Vacating Petitioner's Convictions." Now before the court is Respondent's motion for reconsideration of that Opinion and Order.

## II.  DISCUSSION

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different a disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997), *citing* Webster's New World Dictionary 974 (3rd Ed. 1988). Further, the Local Rules also provide that any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted. L.R. 7.1(g)(3).

Respondent argues that the court should reconsider its Opinion and Order because the court lacked jurisdiction to vacate Petitioner's carrying a concealed weapon conviction where Petitioner failed to satisfy 28 U.S.C. § 2254's "in custody" requirement for that conviction at the time he filed his petition. Respondent concedes that Petitioner

satisfied the "in custody" requirement with respect to the manslaughter conviction.

Respondent presented this same argument to the Sixth Circuit Court of Appeals. *See* "Respondent-Appellee's Supplemental Brief After Remand," pp. 18-19, and "Reply to Petitioner-Appellant's Supplemental Brief," p. 5, filed with the Sixth Circuit Court of Appeals on March 18, 2004 and March 29, 2004, respectively.[1] The Court of Appeals rejected this argument and held that Petitioner satisfied the "in custody" requirement at the time he filed his petition and addressed the merits of Petitioner's challenges to both his manslaughter and carrying a concealed weapon convictions. *Abela*, 380 F.3d at 921. Petitioner argues that, because this issue has been considered and decided by the Court of Appeals, this court lacks the power to reconsider it.

The doctrine of the law of the case provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *U.S. v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). The purpose of the law of the case doctrine is twofold: "(1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts." *Id.*, *citing* Moore's Federal practice ¶ 0.404[1] at 118 (1988). While the law of the case doctrine does not divest a court of the power to revisit prior decision of its own or of a coordinate court, "when a superior court determines the law of the case, an inferior court lacks the power to depart from it." *Id.*, n.1.

In this case, the Court of Appeals held that Petitioner satisfied the "in custody"

---

[1] Excerpts from Respondent-Appellee's Supplemental Brief after Remand and Reply to Petitioner-Appellant's Supplemental Brief are included in Petitioner's Appendix to "Petitioner's Reply to Respondent's Answer Which Opposed Motion to Issue Judgment Pursuant to Court of Appeals Ruling," filed on May 9, 2005.

requirement with respect to both of the challenged convictions. Respondent's motion, while purportedly a request that this court reconsider its decision vacating Petitioner's prior conviction, amounts to a request to reconsider the Court of Appeals' decision regarding the "in custody" requirement. This court lacks power to revisit that issue and Respondent's motion shall be denied.[2]

### III.  CONCLUSION

Accordingly, IT IS ORDERED that Respondent's "Motion for Reconsideration and for Immediate Consideration" [Dkt. # 72] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 27, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2005, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[2] Although the court does not reach this issue because the court may not reconsider the Court of Appeals' opinion, the court notes that Respondent has failed to demonstrate why the evidence he offers in support of his claim that Petitioner's carrying a concealed weapon sentence was expired at the time Petitioner filed his petition was not presented sooner. *See Raum v. Norwood*, 93 Fed. Appx. 693, 694 (6th Cir. 2004) (declining to consider new evidence submitted in support of a motion for reconsideration filed in the district court "because of the tardiness of the submission without explanation to the district court").

S:Cleland\DEM\2254s\99-72095.ABELA.DenyingMotionForReconsideration.wpd

4